J-S34032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAKITA CAIN | : | |
| | : | |
| Appellant | : | No. 1809 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 19, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005536-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                  **FILED AUGUST 12, 2019**

Appellant, Lakita Cain, appeals from the aggregate judgment of sentence of three to seven years of confinement, which was imposed after she pleaded guilty to hindering apprehension or prosecution by providing false information to a law enforcement officer.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  *See* Trial Court Opinion, filed November 30, 2018, at 1-3.  Therefore, we have no reason to restate them at length here.

---

[1] 18 Pa.C.S. § 5105(a)(5).

---

*   Retired Senior Judge assigned to the Superior Court.

For the convenience of the reader, we briefly note that Rahmael Holt was arrested and charged with criminal homicide for the shooting death of New Kensington Police Officer Brian Shaw. *Id.* at 1-2.[2] The day after the shooting, Appellant told investigators that she had last seen Holt the day before the homicide. *Id.* Two days later, Appellant admitted to police that Holt had, in fact, entered her home immediately after she had heard gunshots in the vicinity, then told her "that he had to leave the area." *Id.* at 2.

Appellant pleaded guilty on May 24, 2018. The trial court deferred sentencing and ordered a presentence investigation report ("PSI").

At the sentencing hearing on October 19, 2018, the trial court asserted that it had read the PSI. N.T., 10/19/2018, at 33. The trial court also stated that the sentencing guidelines were a standard range of restorative sanctions to three months and an aggravated range of six months, and the Commonwealth concurred. *Id.* at 26, 33. As stated above, the trial court sentenced Appellant to three to seven years of confinement. *Id.* at 35.

On October 25, 2018, Appellant filed a post-sentence motion for modification of sentence, insisting that the trial "court's imposition of a sentence that greatly exceeds . . . the sentencing guidelines was unreasonable and manifestly excessive because it was grossly disproportionate to the

_____

[2] As of the date of this decision, the case against Holt is still pending; his trial is currently scheduled to begin on November 4, 2019. *See* Docket Number CP-65-CR-0005539-2017.

charge of the case." Motion to Modify Sentence, 10/25/2018, at ¶ 4.g. On November 30, 2018, the trial court denied the motion by written order with an accompanying opinion.

Appellant filed this timely direct appeal on December 20, 2018. Later that same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order ("December 20th Order"). No concise statement of errors is listed on the certified docket, and none appears within the certified record. However, the December 20th Order does not state that Appellant's concise statement must be filed of record, contrary to the requirement enumerated at Pa.R.A.P. 1925(b)(3)(ii). Due to this deficiency in the December 20th Order, we will not quash Appellant's appeal due to her failure file her statement on the record. *See Commonwealth v. Jones*, 193 A.3d 957, 960-61 (Pa. Super. 2018) (Commonwealth's failure to provide trial judge with statement of errors complained of on appeal did not require this Court to quash Commonwealth's appeal of suppression order, where trial court's Pa.R.A.P. 1925(b) order itself was deficient, due to incorrect rule citation and material variance from language of appellate rule regarding waiver consequences from lack of compliance). On January 13, 2019, the trial court

entered an order that the opinion accompanying its order of November 30, 2018, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).[3]

Appellant now presents the following issue for our review:

Did the [trial] court abuse its discretion by denying [Appellant]'s motion to modify sentence and imposing a sentence that greatly exceeds outside the sentencing guidelines and is contrary to the dictates of the Sentencing Code,[4] in that the sentence imposed was above the aggravated range of the sentencing guidelines, and contrary to the fundamental norms underlying the sentencing process.

Appellant's Brief at 4.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018).

---

[3] In the order of January 13, 2019, the trial court stated that Appellant "filed a Concise Statement of the Errors Complained of on Appeal as Ordered by this Court," thereby indicating that Appellant had served the trial judge directly with her concise statement pursuant to Pa.R.A.P. 1925(b)(3)(iii) and that the trial judge was aware of the sentencing challenge being raised by Appellant on appeal.

[4] 42 Pa.C.S. §§ 9701-9799.75.

In the current action, Appellant filed a timely notice of appeal and a motion for modification of sentence, and her brief to this Court contains a separate section with a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 10. Therefore, we will address the issue of whether Appellant has raised a substantial question that her sentence is not appropriate under the Sentencing Code. *See Manivannan*, 186 A.3d at 489.

Appellant's Pa.R.A.P. 2119(f) section contends that her "sentence is not appropriate under the Sentencing Code[,]" is "clearly unreasonable[,]" and "grossly outside the guidelines[,]" because "[t]he standard range of this charge is [restorative sanctions to] 3 month's incarceration with an aggravated maximum of 6 months." Appellant's Brief at 10 (citations omitted). "A claim that the court imposed an unreasonable sentence by sentencing outside the guidelines raises a substantial question which is reviewable on appeal." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002). Appellant's claim therefore raises a substantial question, and we will consider the substantive merits of her sentencing issue.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 2019 PA Super 155, *8 (filed May 10, 2019) (citation omitted).

Appellant argues that the trial court abused its discretion by "imposing a sentence that greatly exceeds . . . the sentencing guidelines and is contrary to the Sentencing Code[.]" Appellant's Brief at 11. Appellant continues that her sentence "was above the aggravated range of the sentencing guidelines[] and contrary to the fundamental norms underlying the sentencing process." *Id.* She maintains that, under the sentencing guidelines, "the aggravated maximum [was] 6 months." *Id.* at 13. Although she acknowledges that the trial court has "broad discretion' in fashioning a sentence, she notes that "broad discretion" does not equal "unfettered or unchecked judgment." *Id.* at 11 (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rita Donovan Hathaway, we conclude Appellant's challenge to the discretionary aspects of her sentence merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question:

> [At sentencing, the trial court] noted that it had considered the [PSI], as well as the guidelines[, N.T., 10/19/2018, at 33, and] clearly outlined its reasons for sentencing outside the guidelines. The [trial c]ourt noted the seriousness of [Appellant]'s actions. [Appellant] was one of the first people to see Rahmael Holt on the evening of November 17, 2017, after Officer Shaw was shot and killed. The Commonwealth is alleging that Holt was the one to kill Officer Shaw, and he is currently awaiting trial on charges of criminal homicide.

Despite the seriousness of the crime and the perilous situation that officers were facing shortly thereafter, [Appellant] chose to lie to protect Holt, and admitted to officers that she had purposely withheld information. The Commonwealth also noted that [Appellant] had obtained an associate's degree in criminal justice, so that she should have clearly understood the repercussions and seriousness of lying to law enforcement officials. [Appellant] understood that the alleged murder weapon had been inside of her home. She was also aware that Lisa Harrington had retrieved it from her basement, seemingly to dispose of the weapon. Despite being aware of these extremely pertinent facts, she chose to withhold this information to the detriment of law enforcement that was ceaselessly working to find Officer Shaw's killer. Similarly, she showed no remorse after her crimes, and complained to Rahmael Holt that she was facing charges due to a "snitch," and lamented that Holt could not find a way to get her out of prison.

For these reasons, the [trial c]ourt's sentence was not an abuse of discretion, and took into account [Appellant]'s personal characteristics, the sentencing guidelines, as well as the individual facts of the case.

Trial Court Opinion, filed November 30, 2018, at 6-7.

We agree that the trial court did not abuse its discretion in sentencing Appellant. *See Lekka*, 2019 PA Super 155, *8. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2019

- 7 -